UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AZZA M. MOHAMED, et al.,

                    Plaintiffs,

          -against-

KRISTI NOEM, et al.,

                    Defendants.

**ORDER**

No. 25-CV-08025 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

Azza M. Mohamed and Abdelgalil N. Mukhtar ("Plaintiffs"), on September 26, 2025, commenced the instant action against Kristi Noem and Michael Borgen ("Defendants"). (Doc. 1). The Court, on January 23, 2026, issued an order directing Plaintiffs to, by January 30, 2026, either: (i) file to the ECF docket proof of service, indicating Defendants were served on or before December 26, 2025; or (ii) show good cause in writing for their failure to comply with Fed. R. Civ. P. 4(m). (Doc. 20). Plaintiffs filed, on January 27, 2026, copies of USPS certified mail receipts addressed to "Kristi Noem" and "Michael Borgen," as well as proof of delivery from USPS for each mailing dated October 6, 2025 and October 14, 2025. (Doc. 21).

Plaintiffs' January 27th filing does not prove proper and timely service of process of the summonses and complaint in accordance with Fed. R. Civ. P. 4(l) was effectuated upon Defendants. Plaintiffs were required to serve the summonses and complaint on Defendants in the manner set forth by Rule 4(i), which governs service of process on the United States and its agencies and employees. Rule 4(i)(2) provides that service on a United States officer or employee requires service on the United States as well, which process is described in Rule 4(i)(1).

Further, Rule 4 imposes limitations on who can effectuate service, including that the server must be either a United States marshal, a special appointee, or "[a]ny person who is at least 18

1

years old and not a party" to the litigation. Fed. R. Civ. P. 4(c); *see Hahn v. United States*, No. 23-CV-04470, 2024 WL 3298474, at *1 (E.D.N.Y. July 2, 2024). "Even when service on the United States is effected by the mails, only a non-party over 18 years of age, a special appointee, or a United States Marshal can place the summons and complaint in the mail." Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure Civil § 1106 n.15 (4th ed. 2025).

Plaintiffs' certified mail receipts do not reflect what was contained in the mailings (*i.e.*, what documents were mailed), nor do they state who sent the certified mailings—specifically, whether the documents were mailed by a person over 18 years old who is not a party to the action. (*See* Doc. 21). The certified mail receipts also do not indicate that service upon the United States in accordance with Rule 4(i)(1) and (2) was attempted at all. (*Id.*).

Service of process was due by December 26, 2025, ninety days from the commencement of this action on September 26, 2025. It is not at all clear to the Court that Plaintiffs properly and timely completed service of the summonses and complaint on Defendants by December 26, 2025. Because Plaintiff has failed to prove that service was timely and properly effectuated, and has failed to provide any reason—let alone good cause—for that failure, the Court must dismiss the action without prejudice under Rule 4(m).

Accordingly, the action is dismissed without prejudice pursuant to Rule 4(m). The Clerk of Court is respectfully requested to close this case.

SO ORDERED:

Dated: White Plains, New York
       February 2, 2026

_____
Philip M. Halpern
United States District Judge

2